UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tiffany Pongracz,<br><br>          Plaintiff,<br>   v.<br><br>3G Collect, LLC; and DOES 1-10, inclusive,<br><br>          Defendants. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Tiffany Pongracz, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. (the "TCPA")

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Tiffany Pongracz ("Plaintiff"), is an adult individual residing in Allentown, Pennsylvania, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. The Defendant, 3G Collect, LLC ("3G"), is a New York business entity with an address of 143 Main Street, Huntington, New York 11743, and is a "person" as defined by 47 U.S.C.A. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by 3G and whose identities are currently unknown to the Plaintiff.  One or more of the agents may be joined as parties once their identities are disclosed through discovery.

7. 3G at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last year, 3G contacted Plaintiff by placing calls to Plaintiff's cellular phone, using an automated telephone dialer system with an artificial or prerecorded voice of 47 U.S.C. § 227(b)(1)(A)(iii), (hereafter "Robocalls").

9. When Plaintiff answered Robocalls from 3G, she heard a pre-recorded message that stating that Plaintiff had a "past due balance".

10. Upon information and belief, Plaintiff never provided her cellular telephone number to 3G, and never provided 3G with express permission to place Robocalls to her cellular phone.

11. 3G has called Plaintiff about one hundred and fifty times, causing Plaintiff to incur significant inconvenience.

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

14. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

15. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

18. Pennsylvania further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Pennsylvania state law.

19. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

20. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

21. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

22. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

23. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Punitive damages; and

3. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 14, 2014

    Respectfully submitted,

    By /s/ Jody Burton_____

    Jody B. Burton, Esq.
    Bar No.: 71681
    LEMBERG LAW L.L.C.
    1100 Summer Street, 3rd Floor
    Stamford, CT 06905
    Telephone: (203) 653-2250
    Facsimile:  (203) 653-3424
    Attorneys for Plaintiff